Kathleen E. Finnerty (SBN 157638)
**FINNERTY LAW OFFICES, INC.**
1430 Blue Oaks Blvd., Suite 140
Roseville, California 95747
Tel: 916.415.7070
KFinn@KFinnertyLaw.com

Giles M. Schanen, Jr. (*pro hac vice application pending*)
Nichole Andrighetti Hayden (*pro hac vice application pending*)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Poinsett Plaza, Suite 900
104 South Main Street, Greenville, SC 29601
Tel: 864.250.2296 Fax: 864.232.2925
giles.schanen@nelsonmullins.com
nichole.hayden@nelsonmullins.com

Attorneys for Plaintiff,
GO GREEN SYNTHETIC LAWN SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO GREEN SYNTHETIC LAWN SOLUTIONS, LLC, a Georgia limited liability company,<br><br>Plaintiff,<br>v.<br><br>GO GREEN SYNTHETIC GRASS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO.: 5:16-cv-291<br><br>**COMPLAINT FOR:**<br><br>1) Trademark Infringement; [Lanham Act §43(a), 15 U.S.C. §1141(1)];<br>2) Trademark Infringement; False Designation of Origin and False Description [Lanham Act §43(a), 15 U.S.C. §1125(a)];<br>3) Trademark Infringement (Common Law);<br>4) Unfair Competition (Cal. Bus. & Prof. Code §17200)<br>5) Unfair Competition (Common Law)<br><br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, GO GREEN SYNTHETIC LAWN SOLUTIONS, LLC ("Plaintiff" or "GO GREEN") and alleges as its complaint against Defendant, Go Green Synthetic Grass, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the

"Lanham Act"), as well as California state and common law, which GO GREEN brings to protect two of its most valuable assets, namely, the goodwill and consumer recognition it has developed in its federally registered and protected "GO GREEN LAWN SOLUTIONS®" trademark depicted below ("GO GREEN Mark"), and in its protected "GO GREEN SYNTHETIC LAWN SOLUTIONS™" trademark (application pending) ("GO GREEN Synthetic Mark"), also depicted below.  These marks are collectively referred to herein as the "GO GREEN Marks".

## GO GREEN LAWN SOLUTIONS

## GO GREEN SYNTHETIC LAWN SOLUTIONS

2. Since May of 2008, GO GREEN has continuously used and extensively promoted its GO GREEN Mark and its GO GREEN SYNTHETIC Mark in connection with its sale of artificial grass and synthetic turf products throughout the United States.  As described more fully below, without GO GREEN's authorization or consent, Defendant—a competing seller of artificial grass and synthetic turf products in the San Francisco Bay area—commenced use of the confusingly similar and diluting designation "Go Green Synthetic Grass" as a trade name. Defendant's conduct is likely to mislead the general public into believing that they are doing business with GO GREEN, as opposed to with Defendant's separate and unrelated company, and that Defendant's products are authorized by, sponsored by, licensed by or otherwise affiliated with GO GREEN, its GO GREEN Mark and the goods it sells thereunder. GO GREEN accordingly brings this action in order to protect its valuable federally-protected trademarks and to halt the irreparable harm it has suffered and will continue to suffer as a result of Defendant's actions.

## PARTIES

3. GO GREEN is a limited liability company organized under the laws of the State of Georgia, and with its principal place of business located in the State of Georgia. GO GREEN is registered to do business in the State of California.

4. Defendant is a limited liability company organized under the laws of the State of California, and with its principal place of business located in San Jose, California. Defendant is registered to do business in the State of California, and may be served through its registered agent, at its registered address, 1194 Magnolia Avenue, San Jose, California 95126.

## JURISDICTION

5. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. Additionally, this Court has jurisdiction over the state law claims alleged herein under 28 U.S.C. §§ 1338 and 1367, because these claims are joined with related claims arising under the laws of the United States and because the claims are so related to the federal claims that they form part of the same case and controversy.

7. This Court has personal jurisdiction over Defendant because Defendant has directly solicited, transacted and is doing business within this judicial district. In addition, Defendant's unlawful conduct is taking place within at least this judicial district.

## VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## INTRADISTRICT ASSIGNMENT

9. This action arises in Santa Clara County because a substantial part of the events giving rise to this claim occurred therein. This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

## FACTS COMMON TO ALL CLAIMS

**A.    GO GREEN and its GO GREEN Marks**

10.    GO GREEN was established in 2008 and has since grown to become one of the country's largest and most respected artificial grass and synthetic turf product providers.

11.    GO GREEN's products include, but are not limited to, landscaping solutions, golf putting greens and mats, sports mats, turf, and pet products.

12.    GO GREEN markets, sells, and installs these products throughout the United States, including in the State of California.

13.    GO GREEN markets and sells these products directly to home owners and commercial property owners, and also through wholesalers, retailers, distributors, and contractors.

14.    Since May of 2008, GO GREEN has continuously and exclusively used the GO GREEN Marks in connection with and to identify the source and origin of its artificial grass and synthetic turf products.  In addition to being inherently distinctive, the GO GREEN Marks have become famous, and/or have developed and now have a secondary trademark meaning to purchasers and users of artificial grass and synthetic turf products so that they have come to be recognized by the relevant consuming public as indicating GO GREEN as the source of such products.

15.    GO GREEN uses the GO GREEN Marks to market, promote, and sell its artificial grass and synthetic turf products throughout the United States, including in the State of California.

16.    GO GREEN has invested substantial sums of money in developing and promoting its GO GREEN Marks as well as the underlying goodwill associated therewith.  Go Green has sold millions of dollars of goods offered in connection with the GO GREEN Marks.

17.    In or around June of 2010, GO GREEN filed an application for registration of the GO GREEN Mark with the United States Patent and Trademark Office (the "USPTO").  On


January 18, 2011, the USPTO registered the GO GREEN Mark under Registration Number 3,907,654.  A true and correct copy of said registration is attached hereto as **Exhibit A.**

18.     In addition, on October 22, 2015, GO GREEN filed with the USPTO an application for the registration of the mark GO GREEN SYNTHETIC LAWN SOLUTIONS, which application is currently pending.

19.     GO GREEN is the owner of all rights, title and interest in the GO GREEN Marks, which uniquely identify the source and origin of its goods offered in connection therewith.

**B.     Defendant's Infringing Activities**

20.     Defendant is a competing provider of artificial grass and synthetic turf products. Like GO GREEN, Defendant's products include, but are not limited to, landscaping solutions, golf putting greens and mats, sports mats and turf, and pet products.

21.     Defendant markets and sells its products in the State of California, and, upon information and belief, in other states.

22.     Notwithstanding Go Green's well-known and prior established rights in the GO GREEN Marks, Defendant began providing, and continues to provide, competing products under the trade name Go Green Synthetic Grass, which is confusingly similar to the GO GREEN Marks.  Attached hereto at **Exhibit B** are pages from GO GREEN's website providing information about it products. In comparison, attached hereto at **Exhibit C** are pages from Defendant's website reflecting its use of this confusingly similar trade name in its business.

23.     Upon information and belief, Defendant's products are sold to the same classes of customers, in the same markets, through the same trade channels, and using similar methods of sale and promotion, as are the products Go Green sells using it's GO GREEN Marks.

24.     Defendant's use of the Go Green Synthetic Grass trade name, which is confusingly similar to the GO GREEN Marks, to market and sell similar products to the same classes of customers in the same markets and trade channels and using similar methods of

sale and promotion, is likely to confuse, mislead, or deceive the public as to the source and origin of Defendant's products, or of GO GREEN's products; the affiliation, connection or association of GO GREEN with Defendant or vice-versa; and/or the origin, sponsorship, or approval of Defendant's products by GO GREEN or vice-versa.

25. On June 18, 2015, shortly after learning of Defendant's advertising, promotion, and sale of products under the Go Green Synthetic Grass trade name, GO GREEN, through its counsel, sent a letter to Defendant demanding that Defendant cease and desist its infringement of the GO GREEN Marks.  A true and correct copy of that letter is attached as **Exhibit D**.

26. On August 3, 2015, Defendant, through its counsel, responded to the cease and desist letter, denying the validity of GO GREEN's claims of infringement, and refusing to cease and desist from its infringing activities.  A true and correct copy of that letter is attached as **Exhibit E**.

27. Despite GO GREEN's best efforts, as of the time of filing of this Complaint, Defendant has intentionally and knowingly failed to cease and desist from its infringement of the GO GREEN Marks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement - 15 U.S.C. § 1114)**

28. GO GREEN hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant's conduct alleged herein constitutes trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

30. Defendant, without authorization or permission from Go Green, has used and is continuing to use a designation that is confusingly similar to the registered GO GREEN Mark.

31. Defendant's acts alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to

whether Defendant's artificial grass and synthetic lawn products originate from, or are affiliated with, sponsored by, or endorsed by GO GREEN.

32. Defendant has acted with knowledge of GO GREEN's ownership of the GO GREEN Mark and with the intention or willful blindness to unfairly benefit from the strong goodwill symbolized thereby.

33. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

34. Upon information and belief, and as shown by Defendant's disregard OF GO GREEN'S trademark rights, Defendant intends to continue its infringing acts, unless restrained by this Court.

35. Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to GO GREEN's business, reputation, and goodwill in its federally registered GO GREEN Mark. Defendant's acts have damaged and will continue to damage GO GREEN, and GO GREEN has no adequate remedy at law.

36. Pursuant to 15 U.S.C. § 1117, GO GREEN is entitled to recover the costs of this action. Further, the intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling GO GREEN to an award of attorneys' fees and treble damages under 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**[Trademark Infringement - False Designation of Origin, and False Advertising 15 U.S.C. § 1125(a)]**

37. GO GREEN hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38. The GO GREEN Marks function as a trademark, are distinctive, and are protectable as a common law trademark as distinguishing GO GREEN's products from the products of others.

COMPLAINT: TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, ETC.

39. Prior to Defendant's actions, the GO GREEN Marks had been used by GO GREEN in commerce to distinguish its products, and GO GREEN has not abandoned its GO GREEN Marks.

40. In addition to being inherently distinctive, the GO GREEN Marks have developed and now have a secondary trademark meaning to purchasers and users of artificial grass and synthetic turf products so that they have come to be recognized by the relevant consuming public as indicating GO GREEN as the source of such products.

41. Defendant has, without GO GREENs authorization or consent, provided products and services to customers using identical or confusingly-similar representations of the GO GREEN Marks.

42. Upon information and belief, Defendant acted knowingly and intentionally in adopting the GO GREEN Mark (s) and or confusingly-similar variations and has attempted to trade off the goodwill owned by GO GREEN.

43. Defendant's actions constitute unauthorized use in commerce of a colorable variation of the GO GREEN Marks in a manner that is likely to cause confusion as to source, sponsorship, or affiliation. Therefore, such actions constitute a violation of GO GREEN's common law rights in the GO GREEN Marks.

44. The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Go Green will suffer irreparable harm unless Defendant's unlawful conduct is enjoined. As a proximate result of Defendant's actions, Go Green has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the GO GREEN Marks. The injury to Go Green is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate Go Green for its damages caused by Defendant; as such, Go Green lacks an adequate remedy at law.

COMPLAINT: TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, ETC.

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement – Common Law)

46. GO GREEN hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 49 as if fully set forth herein.

47. Defendant's actions as set forth above constitute unauthorized use in commerce of a colorable variation of the GO GREEN Mark in a manner that is likely to cause confusion as to source, sponsorship, or affiliation. Therefore, such actions constitute a violation of GO GREEN's common law rights in the GO GREEN Marks.

48. Go Green will suffer irreparable harm unless Defendant's unlawful conduct is enjoined. As a proximate result of Defendant's actions, Go Green has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the GO GREEN Marks. The injury to Go Green is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate Go Green for its damages caused by Defendant, and Go Green lacks an adequate remedy at law

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition - Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*)

49. GO GREEN hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 48 as if fully set forth herein.

50. The unlawful and misleading acts of Defendant as described above, including, but not limited to, trademark infringement, constitute unlawful, unfair and fraudulent business acts or practices as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*

51. Go Green has valid and protectable rights in the GO GREEN Marks.

52. As set forth in this Complaint, Defendant's unlicensed, unconsented to, and otherwise unauthorized use of the GO GREEN Marks and/or confusingly similar variations thereof constitutes trademark infringement, unfair competition, and false advertising under Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a), and false

COMPLAINT: TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, ETC.

advertising under Cal. Bus. & Prof. Code § 17500, and, therefore, is an "unlawful" business act or practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

53. The above-described acts and practices by Defendant and its continuing willful and concerted effort to trade on GO GREEN's goodwill constitutes "unfair" business acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

54. The above-described acts and practices by Defendants, on information and belief, have caused and are likely to continue to cause the general public, trade, consumers, and the relevant purchasing public to be confused, misled and deceived as to the quality of Go Green's and Defendant's products, and, further, to confuse, mislead, and deceive such persons into wrongly believing that Defendant, and Defendant's products, are sponsored by, endorsed by, approved by, supervised by, or otherwise connected with GO GREEN.

*55.* The above-described acts and practices by Defendant are also likely to mislead or deceive the general public and, therefore, constitute "fraudulent" business acts or practices and/or unfair, deceptive, untrue or misleading advertising in violation of § 17200, *et seq*.

56. GO GREEN will suffer irreparable harm unless Defendant's unlawful conduct is enjoined. As a proximate result of Defendant's actions, GO GREEN has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the GO GREEN Marks. The injury to GO GREEN is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate GO GREEN for its damages caused by Defendant, and GO GREEN lacks an adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

57. GO GREEN hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 56 as if fully set forth herein.

58. Defendant's acts with respect to the GO GREEN Marks wrongly suggest to the trade, relevant purchasing public and consumers that Defendant's products and are endorsed, approved, or sponsored by, or are in some other way associated or connected with Plaintiff.

59. Upon information and belief, the above-described conduct of Defendant has caused and is likely to continue to cause the trade, consumers and the relevant purchasing public to be confused, deceived and mistaken as to the quality of Plaintiff's products, and the quality and source of origin of the products being offered and sold by Defendant, and, further, to confuse, mislead, and deceive such persons into wrongly believing that Defendant's products are affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.

60. Upon information and belief, Defendant has intentionally traded and infringed upon Plaintiff's GO GREEN Marks and misrepresented the quality and source of origin of its products.

61. By virtue of Defendant's acts described above, Defendant has committed and is continuing to commit acts of unfair competition and false designation of origin under California common law.

62. GO GREEN will suffer irreparable harm unless Defendant's unlawful conduct is enjoined. As a proximate result of Defendant's actions, GO GREEN has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the GO GREEN Marks. The injury to GO GREEN is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate GO GREEN for its damages caused by Defendant, and GO GREEN lacks an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GO GREEN SYNTHETIC LAWN SOLUTIONS, LLC, respectfully prays for judgment against Defendants, and each of them, as follows:

1. That the Court award judgment to GO GREEN on all counts of the Complaint;

2. That Defendant and its officers, agents, employees, and those persons or entities in active concert or participation with it, be preliminarily and permanently enjoined and restrained from using in commerce the GO GREEN Marks, or any other copy, reproduction, or variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or

confused with the GO GREEN Marks, on or in connection with Defendant's goods and/or services;

3.     That Defendant be ordered to recall all products bearing the GO GREEN Marks, or any other copy, reproduction, or variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or confused with the GO GREEN Marks, which have been provided by or on behalf of Defendant to any customer including, but not limited to, any wholesaler, distributer, retailer, consigner, marketer, or contractor, and also deliver to each such customer a copy of this Court's order as it relates to said injunctive relief;

4.     That Defendant be ordered to deliver up for impoundment and for destruction all marketing, advertising, and promotional materials, packaging, labels, tags, and other materials including or bearing the GO GREEN Marks, or any other copy, reproduction, or variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or confused with the GO GREEN Marks, in the possession, custody or control of Defendant;

5.     That Defendant be required to file with the Court and to serve on GO GREEN, within thirty (30) days after service of the Court's order for injunctive relief as herein prayed, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order;

6.     That the Court impose a constructive trust in favor of GO GREEN on all profits obtained from Defendant's misappropriation of the GO GREEN Marks;

7.     That GO GREEN have a judgment against Defendant for disgorgement of any and all profits derived by Defendant;

8.     That GO GREEN have a judgment against Defendant for any and all damages sustained by GO GREEN by reason of the acts hereinabove complained of, and that the damages be trebled pursuant to 15 U.S.C. § 1117;

9.     That GO GREEN have a judgment against Defendant for all damages sustained by Go Green by reason of the infringement of its common law trademark rights;

COMPLAINT: TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, ETC.

10. That GO GREEN have judgment against Defendant for its reasonable costs and attorney's fees; and

11. That the Court grant such other and further relief as it deems just and equitable.

**FINNERTY LAW OFFICES, INC.**

Dated: January 14, 2016

_____
KATHLEEN E. FINNERTY
Attorney for Plaintiff,
GO GREEN SYNTHETIC LAWN SOLUTIONS, LLC